IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAUL ALEMAÑY-MINGUELA [6],<br><br>Defendant. | CRIMINAL NO.  13-363 (CCC) |

**REPORT AND RECOMMENDATION**

Defendant Raúl Alemañy-Minguela [6] was charged in Count One of an Indictment and he agreed to plead guilty to Count One of the Indictment.  Count One charges that from in or about 2010, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendants herein, did knowingly and intentionally combine, conspire, and agree with each others and with diverse other persons, known and unknown to the Grand Jury to commit an offense against the United States, that is: a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(ii), namely, possession with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II, Narcotic Drug Controlled Substance.  All in violation of Title 21, United States Code, Section s 846, 841(a)(1) and (b)(1)(A)(ii).

On December 16, 2014, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court.  Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Raúl Alemañy-Minguela [6]
Criminal No. 13-363 (CCC)
Report and Recommendation
Page 2

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Miguel Oppenheimer, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant stated he is being treated at MDC Guaynabo for depression. Defendant took Prozac and Doxepin in the 24 hours prior to the hearing. Defendant indicated the intake of these medications did not affect him to understand the proceedings. A determination of competency was made based on Defendant's coherent responses to the questions posed, his demeanor and the assertions of defense counsel.

United States of America v. Raúl Alemañy-Minguela [6]
Criminal No. 13-363 (CCC)
Report and Recommendation
Page 3

innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.  He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify.  Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify.  Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, indicated he freely and voluntarily waived those rights and understood the consequences.  During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty.  The penalty for the offense charged in Count One is a term of imprisonment of at least ten (10) years but not more than life, and a term of supervised release of at least five (5) years.  The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, <u>United</u>

United States of America v. Raúl Alemañy-Minguela [6]
Criminal No. 13-363 (CCC)
Report and Recommendation
Page 4

States Code, or $10,000,000.00. The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea and Forfeiture Agreement (Pursuant to Rule 11(c)(1)(A) & (B) FRCP)" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting,

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Raúl Alemañy-Minguela [6]
Criminal No. 13-363 (CCC)
Report and Recommendation
Page 5

for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

The United States of America and Defendant stipulate for purposes of this plea agreement that this defendant shall be accountable for conspiring to possess with the intent to distribute at least 5 kilograms but less than 15 kilograms of cocaine.

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph nine (9) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. The Base Offense Level is of Thirty-Two (32) for at least 5 kilograms but less than 15 kilograms of cocaine. A decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-Nine (29).[4]

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

The parties agree and recommend that the defendant be sentenced within the guideline range determined by the Court for the adjusted offense level of 29. The parties will be free to argue any sentence within the above mentioned guideline range.

Defendant recognizes that the count of conviction carries a statutory minimum sentence of one hundred and twenty (120) months. Therefore, the potential guideline range, if the defendant is CHC-I is 120 months, if the defendant is CHC-II is 120-121

---

[4] The parties informed that the plea agreement was reached prior to November 1, 2014. As such, it does not contemplate the two (2) point reduction under Amendment 782. This matter will be addressed at sentencing.

months and if the defendant is CHC-III is 120-135 months; all in accord with U.S.S.G. § 5G1.1(c)(2).

There are no remaining counts to be dismissed at the time of sentencing.

The United States and defendant agree that no further adjustments or departures to defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of the Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

The defendant agrees to the following forfeiture:

(a) Defendant hereby forfeits all his right, title and interest in any assets which constitutes proceeds of the criminal offense committed or facilitated his criminal activity in violation of Title 21, United States Code, Section 846 and 841(a)(1) and 841(b)(1)(A)(ii).

(b) Defendant hereby agrees to the entry of an order of forfeiture of 12,500.00 in U.S. Currency as money judgment at the time of sentencing;

(c) As part of the defendant's plea agreement with the United States, defendant agrees not to contest the forfeiture to the government of any of the assets described in the paragraphs (a) and (b) above;

(d) In the event that any claim is made by third parties to any of the assets listed at paragraph (a) above, the defendant agrees to forfeit substitute assets equal in value to those assets claimed by third parties;

(e) Defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of assets named or covered by paragraph (a) and (b) above including, but not limited to, assisting in bringing any assets or the proceeds from the sale of assets located outside the United States within the jurisdiction of the United States, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets

subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture;

(f) The defendant hereby waives the requirements of Fed. R. Crim. P. 43 (a) with respect to the imposition of any forfeiture sanction carried out in accordance with this Plea Agreement, and further agrees to not contest or challenge in any manner (including direct appeal, habeas corpus, or any other means) such forfeitures on any grounds, including that the forfeiture constitutes double jeopardy, or an excessive fine or punishment.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea.  Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law.  With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case.  Defendant

was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eleven (11) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 13-363 (CCC).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 13-363 (CCC).

IT IS SO RECOMMENDED.

The sentencing hearing will be set before Honorable Carmen C. Cerezo, District Judge.

San Juan, Puerto Rico, this 16th day of December of 2014.

s/ CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE